**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

MORGAN T. ZURN
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

May 24, 2023

Michael J. Barry, Esquire
Grant & Eisenhofer P.A.
123 Justison Street, 7th Floor
Wilmington, DE  19801

Raymond J. DiCamillo, Esquire
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE  19801

Thomas Curry, Esquire
Saxena White P.A.
824 North Market Street, Suite 1003
Wilmington, DE  19801

Gregory V. Varallo, Esquire
Bernstein Litowitz Berger & Grossman LLP
500 Delaware Avenue, Suite 901
Wilmington, DE  19801

Theodore A. Kittila, Esquire
Halloran Farkas + Kittila LLP
5801 Kennett Pike, Suite C/D
 Wilmington, DE  19807

Anthony A. Rickey, Esquire
Margrave Law LLC
3411 Silverside Road, Suite 104
Wilmington, DE  19810

*Via Electronic Mail*
Jordan Affholter
1501 Hatcher Crescent
Ann Arbor, MI  48103
jordanaffholter@gmail.com

> RE: ***In re AMC Entertainment Holdings, Inc. Stockholder Litigation,***
>   Consol. Civil Action No. 2023-0215-MTZ

Dear Counsel and Mr. Affholter:

On May 20, I issued a letter opinion adopting the May 19 Report and Recommendation of Special Master Regarding Class Member Access to the Discovery Record (the ("May 20 Opinion" and the "May 19 Report," respectively).[1]  In relevant part, the May 20 Opinion overruled an objection to a proposed confidentiality agreement that objectors must sign to access the discovery

---

[1] Docket Item ("D.I.") 312; D.I. 307.

record in this case, specifically its enumerated consequences for trading AMC stock after accessing the discovery record but before this case is over.[2]

Later on May 20, Mr. Affholter received an email from AMC.Settlement@blbglaw.com stating, "This email is in response to your request to access the discovery record in In re AMC Entertainment Holdings, Inc. Stockholder Litigation."[3] The email asked Mr. Affholter to sign the agreement attached to the stipulation approved by the May 20 Opinion. It does not appear that he has done so. On May 22, Mr. Affholter filed a letter titled "Letter to Vice Chancellor and Special Master Corinne Elise Amato, Esq. from Jordan Affholter[:] Motion for Enlargement of Time and Objection to the Discovery Process" (the "Motion").[4] He is not a party to this action.[5] Part of his Motion takes issue with the confidentiality agreement and requirement to supply proof of beneficial ownership adopted in the May 20 Opinion.[6] Last night, the parties responded to Mr. Affholter's Motion.[7] As I have already ruled on the confidentiality agreement, and in the interest of time, I have taken up these aspects of Mr. Affholter's Motion rather than refer them to the Special Master.

First, I address Mr. Affholter's objections to the Court's adoption of the Special Master's recommendation that "objectors submit proof of beneficial ownership as a condition of accessing the discovery record."[8] One has standing to

---

[2] D.I. 312 at 3 n.7 (citing *Steinhardt v. Howard-Anderson*, 2012 WL 29340, at *8–11 (Del. Ch. Jan. 6, 2012)).

[3] D.I. 320 at 8. Mr. Affholter did not paginate his filing, so I have counted the pdf pages and reference those.

[4] *Id.* at 2.

[5] D.I. 302 (denying Mr. Affholter's motion to intervene). Mr. Affholter did not file exceptions to the Special Master's report denying his intervention. Ct. Ch. R. 144(d)(2).

[6] D.I. 312 at 3; D.I. 307 at 9 n.28; D.I. 294, Ex. A at Ex. B [hereinafter "Objector Agr."]; D.I. 184, Ex. B ¶ 65; D.I. 185 ¶ 19; D.I. 190, Ex. 1 at 2.

[7] D.I. 327; D.I. 328.

[8] D.I. 312 at 2–3; D.I. 307 at 8 ("To access the discovery record, an individual must have standing to object to the settlement. To have standing to object, an individual must be a member of the settlement class, as defined by the Stipulation of Settlement.").

object to a settlement if they are a member of the putative settlement class.[9]  Status as a putative class member with standing to object begets the right to the discovery record.[10]  "The party invoking the jurisdiction of a court bears the burden of establishing the elements of standing."[11]  Accordingly, objectors—not the litigation parties—have the burden to prove they are members of the class with standing to object and therefore the right to access the discovery record.

Second, I address Mr. Affolter's objection to paragraphs 4, 5, and 8 of the Objector Agreement to Be Bound by Stipulation and Order for the Production of Confidential and Highly Confidential Information (the "Objector Agreement").[12] Those paragraphs provide:

> 4. I agree not to disclose any Confidential or Highly Confidential Discovery Material on any social media platform, including but not limited to, Facebook, Twitter, YouTube, LinkedIn, TikTok, or Reddit, on any website, or on any blog.[13]

---

[9] *See Devlin v. Scardelletti*, 536 U.S. 1, 6–7 (2002) (noting that as long as an individual is a member of the class, that individual "has an interest in the settlement that creates a 'case or controversy' sufficient to satisfy the constitutional requirements of injury, causation, and redressability" (citations omitted)).

[10] *See, e.g.*, *Ginsburg v. Phila. Stock Exch., Inc.*, 2007 WL 2982238, at *1 (Del. Ch. Oct. 9, 2007) ("Delaware law requires that these objectors have some opportunity to review the discovery obtained by the class counsel during the course of the litigation."); *In re Amsted Indus., Inc. Litig.*, 521 A.2d 1104, 1108 (Del. Ch. 1986) ("Review of such materials should place an objector in the same position as the class representative who has proceeded in good faith when that representative elected to recommend the settlement to the Court.").

[11] *Dover Hist. Soc. v. City of Dover Plan. Comm'n*, 838 A.2d 1103, 1109 (Del. 2003) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

[12] D.I. 320 at 9; Objector Agr. ¶¶ 4–5, 8.

[13] *See also* D.I. 314 at 3 n.7 ("To be clear: stockholders may not take pictures, screenshots, or screen recordings of the documents, and may not post or share them online or in messaging apps in any format including but not limited to, social media, online drives or drop boxes, Discord, Telegram, or YouTube.").

5. I agree that any filing I make with the Court that contains any Confidential or Highly Confidential Discovery Material must be made as a Confidential Filing, consistent with Paragraph 12 of the Stipulation.

. . .

8. I agree that I will not buy or sell any AMC Entertainment Holdings, Inc. ("AMC") securities until the final resolution of the Action, which means either that the Court has issued a Final Judgment and the time to appeal that Final Judgment has lapsed or any appeal of the Final Judgment has been finally resolved.[14]

Mr. Affholter interprets paragraphs 4 and 5 of the Objector Agreement to "imply that objectors and supporters who have signed the agreement[] cannot discuss the findings of discovery with other approved and signed objectors and supporters," and objects to this prohibition.[15] He does not rely on any law in support of his objections.

Mr. Affholter's objections to paragraphs 4 and 5 of the Objector Agreement are denied. AMC's confidentiality concerns are legitimate. And as set forth in the Objector Agreement itself, access to the Confidential and Highly Confidential discovery record was granted to permit the signatories to inform their personal objections.[16] Stockholders seeking advice on whether or how they should object are encouraged to seek legal counsel, not the advice of other stockholders or the online community at large.

---

[14] Objector Agr. ¶¶ 4–5, 8.

[15] D.I. 320 at 10.

[16] Objector Agr. ¶ 3 ("I agree not to disclose any Confidential or Highly Confidential Discovery Material (as defined in the Stipulation) to any other person, under any circumstances, apart from in filings with the Court."); *id.* ¶ 11 ("I understand that the ***only*** purposes for which I can use Confidential or Highly Confidential Discovery Material are to determine whether to object, or to present an objection, to the proposed settlement of the Action."); *Amsted*, 521 A.2d at 1107.

Mr. Affholter also objects to paragraph 8.[17]  The Motion does not cite any law in support of this objection.  Instead, Mr. Affholter contends that "paragraph 8 essentially locks the objectors and supporters into not being able to buy or sell their legally owned AMC stock until a final judgement has been rendered either in the Trial Court or the Appellant [sic] Court.  That time frame could potentially take months or years."[18]  He speculates that AMC's stock price might "run[] up again (like it did historically)" or "an objector [or] supporter [might] have an issue of financial hardship" at some point between signing the Objector Agreement and the resolution of this matter, which would prevent "objectors and supporters who execute this confidentiality agreement" from being able to trade at those opportune times.[19]

These arguments do not dissuade me from my conclusion in the May 20 Opinion that more stringent protections are warranted to ensure the access afforded numerous unrepresented objectors does not lead to securities violations or misuse of confidential information.[20]  "[C]ourts faced with discovery requests at the settlement stage must balance carefully the needs and burdens involved, as well as the potential for abuse."[21]  I subscribe to then-Vice Chancellor Strine's statements in *In re Netsmart Technologies, Inc. Shareholders Litigation* and *Berger v. Icahn Enterprises L.P.*, that access to confidential discovery information and participation in representative litigation can properly cost the ability to trade.[22]  A stockholder with access to material nonpublic information will be hard pressed to

---

[17] D.I. 320 at 9–11.

[18] *Id.* at 9.

[19] *Id.*

[20] D.I. 312 at 3 (citing *Steinhardt*, 2012 WL 29340, at *8–11, and *In re Netsmart Techs., Inc. S'holders Litig.*, Consol. C.A. No. 2563–VCS (Del. Ch. July 16, 2007) (ORDER), and *Sample v. Morgan*, C.A. No. 1214–VCS, at 8 (Del. Ch. May 14, 2008) (TRANSCRIPT)).

[21] 7B Alan Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1796.1 (3d ed.).

[22] *In re Netsmart Techs., Inc. S'holders Litig.*, Consol. C.A. No. 2563–VCS (Del. Ch. April 11, 2007) (TRANSCRIPT) (docketed at C.A. No. 2597-VCS, D.I. 33); *Berger v. Icahn Enters. L.P.*, C.A. No. 3522-VCS, at 55–56, 59 (Del. Ch. Oct. 23, 2009) (TRANSCRIPT).

establish a trade was not based on that information. Restrictions on trading are an appropriate precaution imposed on access to AMC's confidential information. Each stockholder can make his or her own determination as to whether they wish to commit to those restrictions to view the discovery record.

The Special Master will address the other points in Mr. Affholter's Motion in due course.

Sincerely,

*/s/ Morgan T. Zurn*

Vice Chancellor

MTZ/ms

cc:     All Counsel of Record, via *File & ServeXpress*